IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BRUCE LEE MCKINNEY, §
 §
  Petitioner, §
 §
v. § Civil Action No. 4:18-CV-835-O
 §
LORIE DAVIS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
 §
  Respondent. §

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Bruce Lee McKinney, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Lorie Davis, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On March 30, 2017, pursuant to plea agreements in the 43rd Judicial District Court, Parker County, Texas, Case Nos. CR16-0807 and CR16-0808, Petitioner judicially confessed and pleaded guilty pursuant to one count of online solicitation of a minor and one count of sexual assault of a child and true to the felony-enhancement allegation in the indictments and was sentenced to fifteen years' imprisonment in each case, the sentences to run concurrently. 02SHR 37-44, ECF No. 18-4; 03SHR 24-31, ECF No. 18-9.[1] Petitioner did not appeal the convictions but did challenge the

---

[1] "02SHR" and "03SHR" refer to the records of Petitioner's state habeas proceedings in WR-62,129-02 and -03, respectively.

convictions in two post-conviction state habeas-corpus applications filed on November 17, 2017, which were denied without written order by the Texas Court of Criminal Appeals on January 10, 2018.[2] 02SHR 46, ECF No. 18-4; 03SHR 54, ECF No. 18-9; Action Taken, ECF Nos. 18-2 & 18-5. This federal petition for federal habeas relief was filed on October 5, 2018.[3] Resp't's Answer, Ex. A at 9-10, ECF No. 17-1.

## II. ISSUES

In the petition, Petitioner claims in four grounds that he received ineffective assistance of trial counsel in various respects and that the state knowingly introduced false testimony. Pet. 6-7, ECF No. 1. Respondent contends that the petition is barred by the federal statute of limitations or, in the alternative, that one or more of the claims are unexhausted. Resp't's Answer 5, ECF No. 17.

## III. LEGAL DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2]Petitioner's pro se state habeas applications are deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The applications do not state the date Petitioner placed the documents in the prison mailing system, however the applications were signed and verified by Petitioner on November 17, 2017; thus, the Court deems the applications filed on that date.

[3]Likewise, Petitioner's pro se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Although Petitioner declares under penalty of perjury that he placed the document in the prison mailing system on September 12, 2018, Respondent provides proof that the document was received in the prison mailing system on October 5, 2018. Petitioner does not explain the delay; thus, the Court deems the petition filed on the latter date.

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

  Because Petitioner's claims relate to events leading up to or during the 2017 plea proceedings, the one-year limitations period began to run under subsection (A) on the date the judgments of conviction became final upon expiration of the time that Petitioner had for filing a notice(s) of appeal on Monday, May 1, 2017, and expired one year later on May 1, 2018, absent any tolling. *See* TEX. R. APP. P. 26.2; *Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005); *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

  Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. For purposes of § 2244(d)(2), Petitioner's post-conviction state habeas applications filed on November 5, 2018, operated to toll the limitations period for 55 days, making Petitioner's federal petition due on or before June 25, 2018. Thus, the petition filed on October 5, 2018, is time-barred unless equitable tolling is justified.

  Equitable tolling is permitted only in rare and exceptional circumstances when an

3

extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner asserts that his delay was due to the fact that he does not have legal representation and his unfamiliarity with the legal process. Pet. 9, ECF No. 1. However, a prisoner's pro se status, lack of legal training, and ignorance of the law and filing deadlines are typical problems for prisoners seeking post-conviction habeas relief and do not justify equitable tolling. *See Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000).

Despite his guilty pleas, Petitioner also alludes to his mental incompetency and his innocence. Pet'r's Reply 7-8, ECF No. 29. He attaches a "Correctional Managed Care" report indicating that he suffers from "posttraumatic stress disorder, adjustment disorders, with mixed anxiety and depressed mood, bereavement (death of family member)" for which he is prescribed medication. *Id.,* Attach. 11-12. Mental illness may support equitable tolling of the limitations period if a petitioner shows that the mental illness actually rendered him unable to pursue his legal rights during the relevant time period. *Fisher v. Johnson,* 174 F.3d 710, 715-16 (5th Cir. 1999). Petitioner makes no such showing.

Additionally, a petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"–sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)). Although actual innocence, if proved, can overcome the statute

4

of limitations, arguably Petitioner waived his claim by entering voluntary and knowing guilty pleas to the offenses. *See United States v. Vanchaik-Molinar,* 195 Fed. App'x 262, 2006 WL 2474048, at *1 (5th Cir. 2006) ("A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea and precludes consideration of a claim challenging the sufficiency of the evidence."). Even if *McQuiggin* applies in the context of a guilty plea, it is well settled under Texas law that a judicial confession, standing alone, is sufficient evidence to sustain a conviction. *See Dinnery v. State,* 592 F.2d 343, 353 (5th Cir. 1979). In any event, Petitioner has not made a colorable showing that he is actually innocent in light of "new evidence."

Because Petitioner fails to demonstrate that equitable tolling of the limitations period is appropriate, his federal petition was due on or before June 25, 2018. His petition filed on October 5, 2018, is therefore untimely.

## III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 12th day of August, 2019.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE